HENRY GREEN, Respondent, v. LOUIS L. WACHS and Another, Appellants, Impleaded with THE HARRIMAN NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

First Department, April 11, 1930.

*Harold R. Medina* of counsel [*William Solomon* and *William Gilbert* with him on the brief; *Jasie & Solomon*, attorneys], for the appellants.

*Walter Underhill* of counsel [*Maurice Rubinger* and *Robert Jacobs* with him on the brief; *Underhill & Rubinger*, attorneys], for the respondent.

FINCH, J.   The defendants Wachs and Mann appeal from a judgment in favor of the plaintiff awarding to him the possession or the value of a diamond delivered by plaintiff on memorandum to a dealer in jewelry, and purchased by said defendants.   The learned court at Trial Term held that there was no authority to pass title to the defendants.   The judgment must be reversed because of the exclusion of evidence material to this issue.   The following, briefly, are the facts:

The plaintiff was a wholesale jeweler.   He maintained no store or retail showroom, but transacted the greater part of his business through independent dealers or brokers.   The latter, in their relations with the wholesale jeweler, may be termed "quasi salesmen."   The plaintiff delivered a diamond ring on memorandum to one of these independent dealers, named Vollman.   The memorandum reads as follows:

" To FELIX B. VOLLMAN,
       " City.

" These goods are sent for your inspection and remain the property of Henry Green and are to be returned on demand.   Sale takes effect only from date of approval of your selection, and a bill of sale rendered.

      " 1 Em. Cut Dia. in ring 13.40   $12,500 — Stone
                                                " Net
                    " (Signed)   FELIX B. VOLLMAN."

Vollman delivered the stone on memorandum to one Cohen, a dealer in jewelry.   The latter in turn delivered it to one Arnow, also a dealer.   The defendants, appellants, purchased it from Arnow.   The plaintiff brought this action in replevin, claiming that under the facts the appellants obtained no title to the ring.

The question at issue, therefore, is whether the appellants obtained title. The answer depends solely upon an issue of fact, namely, whether Vollman, when he received this jewelry on memorandum, was privileged to sell and dispose of the same. If such authority was in fact conferred upon him, then upon common-law principles he could transfer a perfect title to these appellants, who claim to be *bona fide* purchasers for value.

In the determination of this issue the court excluded all proffered testimony as to custom in the trade and past dealings between the plaintiff and Vollman. This testimony bore directly upon the issue whether Vollman was authorized to pass title. In *Smith* v. *Clews* (105 N. Y. 283), an action by jewelers to recover from defendant merchandise purchased by the latter from one to whom plaintiffs had delivered the same upon a receipt providing for return upon demand, it was held that this receipt should be construed in the light of all the attendant circumstances, including former transactions between plaintiffs and the defendant's vendor. The court said: " Now, upon these facts, what other meaning can be attached to that receipt than that Miers had power to take these diamonds, show them to his customer, and if approved of by the customer sell them to him? The fact that Miers agreed to return them to plaintiffs on demand must be construed with reference to the obvious purpose for which the diamonds were intrusted to him, viz., that of a sale. * * *

" Enlightened by these facts, the interpretation of the receipt signed by Miers is an easy matter. It can mean nothing else than an authority to sell the stones to the customer if they met his approval, and if not actually sold before demand made, they should be returned to the plaintiffs upon such demand."

It is thus seen that the testimony excluded bore upon the vital issue in the case. The judgment appealed from, therefore, should be reversed and a new trial granted, with costs to the appellants to abide the event.

McAvoy and O'Malley, JJ., concur; Dowling, P. J., and Martin, J., dissent.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.